**IN THE U.S. DISTRICT COURT OF MARYLAND**
**FOR DISTRICT OF MARYLAND**

**Austin Stephens, et al.** *

**Plaintiffs** *

**v.** * **Case No. TDC 15-3057**

**Mac Business Solutions, Inc., et al.** *

**Defendants** *

______________________________________/

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

Plaintiffs, Austin Stephens, Paul Straub, and Devon Hughes (collectively, "Plaintiffs"), and Defendants Mac Business Solutions, Surinder Tohan, and Sunita Tohan (collectively, "Defendants"), jointly move this Court for an Order approving the settlement reached in this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

The parties jointly move that the Court approve the attached settlement agreement (Ex. 1). In support of this Motion, the parties state as follows:

**STANDARD OF REVIEW**

1. Although the parties have reached a settlement, Court approval is required. "Under the FLSA, 'there is judicial prohibition against the unsupervised waiver or settlement of claims.' " Kianpour v. Restaurant Zone, Inc., 2011 WL 5375082, *2 (D. Md. Nov. 4, 2011) (quoting Taylor v. Progress Energy, Inc., 493 F.3d 454, 460 (4th Cir. 2007). "Nevertheless, '[c]laims for FLSA violations can … be settled when the settlement is supervised by the [Department of Labor] or a court.'" Id. (citation omitted, alterations in original); see also Gionfriddo v. Jason Zink, LLC, 2011 WL 2791136, at *2 (D. Md. July 15, 2011) ("Settlement agreements that resolve claims pursuant to the FLSA must receive court approval.").

2. "While the Fourth Circuit has not directly addressed the factors to be considered in deciding motions for approval of such settlements, district courts in this circuit have typically employed the considerations set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982)." Kianpour, 2011 WL 5375082, at *2; see also Gionfriddo, 2011 WL 2791136, at *2 (indicating the "factors used to evaluate class action settlements under Federal Rule of Civil Procedure 23(e) are usually applied."); Lopez v. NTI, LLC, 748 F.Supp. 2d 471, 478 (D. Md. 2010) (FLSA settlement should be approved if the settlement reflects a "reasonable compromise" over the issues in dispute); Lane v. Ko-me, LLC, 2011 WL 3880427, *2 (D. Md. Aug. 31, 2011) ("[P]arties requesting approval of a proposed settlement 'must provide enough information for the court to examine the bona fides of the dispute . . . .'") (citation omitted).

3. Importantly, there is a " 'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed in making the determination of whether an FLSA settlement is fair, adequate, and reasonable." Lomascolo v. Parsons Brinckerhoff, Inc., 2009 WL 3094955, *10 (E.D. Va. Sept. 28, 2009). A settlement is not a trial, and a court's role is more of a balancing of the likelihoods than actual determinations of fact and law. Id. Compromise is the essence of settlement, and "a trial court should not make a proponent of a proposed settlement justify each term of a settlement agreement against a hypothetical or speculative measure of what concessions might have been gained since inherent in compromise is a yielding of absolutes and an abandoning of highest hopes." Id. "A court is entitled to rely on the judgment of experienced counsel for the parties in performing this balancing task and absent fraud, collusion or the like, a court should be hesitant to substitute its own judgment for that of counsel." Id. "Courts have recognized a role for less-than-full-value compromise in the FLSA settlement process." Galvez v. Americlean Services Corp., 2012 WL

2522814, *4 (E.D. Va. June 29, 2012) (citing Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41, 57-58 (E.D.N.Y. 2010) (approving settlement of FLSA claims at thirteen to seventeen percent of maximum recovery). As a result, in deciding whether to approve a proposed FLSA settlement, the Court generally evaluates whether the proposed settlement reflects a reasonable compromise over issues that are actually in dispute. See Kianpour, 2011 WL 5375082, at *2-3.

## FACTS

1. **Undisputed Facts**: The Plaintiffs performed manual work as service technicians for Defendants, who operate an Apple® product reseller (who primarily sells computer related equipment to commercial businesses, including the government). Plaintiff Stephens was employed by Defendants from approximately February 20, 2011 through August 31, 2015. Plaintiff Hughes was employed by Defendants from approximately July 4, 2014 through August 31, 2015. Plaintiff Straub was employed by Defendants from approximately January 24, 2011 through July 11, 2014. Plaintiffs Stephens and Straub were hired on a salary-basis, whereas Plaintiff Hughes was paid an hourly wage.

2. **Disputed Facts**: Plaintiffs contended that they worked, from time to time, over 40 hours a week and did not receive overtime for their work. Plaintiffs Stephens and Straub disputed whether they, in fact, received a true salary. Defendants dispute both the allegation generally, and the specific hours claimed by Plaintiffs.

## LEGAL DISPUTES

1. **Calculation of Overtime**: Aside from disputes over the frequency and amount of overtime worked, a significant dispute in this case involved the manner of calculating overtime. Defendants advocated for the use of the "fluctuating workweek method" for Stephens and Straub, and Plaintiffs disagreed with its application.

a. **Fluctuating Workweek Method ("FWW")**: The origin of the FWW calculation method can be traced to Overnight Motor Transp. Co. v. Missel, 316 U.S. 572 (1942) and Walling v. A.H. Belo Corp., 316 U.S. 624 (1942). In Missel, the U.S. Supreme Court considered "the application of the overtime section of the [FLSA] to an employee working irregular hours for a fixed weekly wage," id. at 573, and concluded that, even though the FLSA's overtime provisions do not address "any other method of paying wages except by hourly rate[,] ... we have no doubt that pay by the week, *to be reduced by some method of computation to hourly rates*, [is] also covered by the act." Id. at 579 (emphasis supplied).

Using the Missel and Belo decisions as a backdrop, the U.S. Department of Labor (DOL) has promulgated regulations that provide examples of the proper method of determining the regular rate of pay in particular instances. 29 C.F.R. § 778.109. Among the methods which the DOL approved, is the FWW approach, which applies to persons "employed on a salary basis [who] have hours of work which fluctuate from week to week." 29 C.F.R. § 778.114. The FWW regulation provides as follows:

> Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act *if* the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, *and if* he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay.

29 C.F.R. § 778.114(a) (emphasis added).

Plaintiffs claimed that the FWW method did not apply to this case, because the Defendants made deductions from salary for time spent not working (among other reasons). Defendants contended that the deductions were proper and are authorized under the FWW.

Ultimately, the parties reached a settlement of this case by negotiating over the hours of work and over the appropriateness of the FWW method.

**EXTENT OF DISCOVERY**

The parties engaged in written discovery and exchanged correspondence and had a meeting concerning their respective positions. Plaintiffs utilized the services of a forensic accountant to calculate potential unpaid overtime (Elana Schulman, CPA/CFE), and spreadsheets were prepared based on the written payroll records that were provided to Plaintiffs, and an expert report was served on Defendants.

**THE SETTLEMENT**

The settlement agreement was reached in mediation before Magistrate Judge Jillyn K. Schulze on June 14, 2016. Each side was capably represented by experienced counsel. All parties were present, and the mediation lasted nearly the entire day.

The Parties have reached a Settlement Agreement, which they contend is reasonable and fair, considering the facts and issues in controversy. The Court is fully aware of the fact and legal issues, having presided over the settlement negotiations.

The proposed Settlement Agreement reached between the parties provides that Plaintiff Stephens will receive $19,000.00, Plaintiff Straub will receive $8,000.00, and Plaintiff Hughes will receive $17,000.00. The Settlement Agreement provides for a complete dismissal of this litigation and all potential claims with prejudice. (Exh. 1). It is Plaintiff's counsel's opinion that the settlement is fair and reasonable and is generally within the range of the calculations made by

Plaintiffs' expert, involving the unpaid overtime and liquidated damages. (Exh. 2; Plaintiffs' Counsel's Affidavit).

Counsel for Plaintiffs will receive $20,000.00 in fees and costs out of this recovery, which reflects time and expenses incurred in the prosecution of this matter. The attorneys' fees were negotiated separately from the amount to be paid to the Plaintiffs in settlement. A copy of Plaintiffs' counsel's Affidavit, attaching true and correct copies of his billing statements is attached hereto as Exhibit 2. The amount to be paid to Counsel for Plaintiffs understates the value of the time and costs incurred in this matter as set forth in the attached billing statements, and represents a further compromise between the parties. (Exh. 2).

While Defendants deny any and all liability, and while the parties may disagree over the merits of the lawsuit, there is no genuine disagreement that the Defendants' resources are limited and the case is particularly fact intensive and legally challenging. Due to the disputes over the number of hours worked and the appropriate method for calculating any unpaid overtime, there was a large difference between the likely maximum and minimum damages awards. In addition, the applicability of the FWW to Plaintiff Stephens, in particular, could increase the prospects for an appeal.

Moreover, if this case continued, all Parties would be consumed and bothered by the litigation, including the burdens and distractions of discovery and the expenses and fees accompanying this litigation.

The Parties thus have numerous reasons to settle this case. Defendants risk an adverse judgment, with the added risk of being responsible for statutory attorneys' fees and costs under the FLSA. Plaintiffs risk a recovery lower than their claimed damages, with the added detriment

of the delay in receiving any payment, even if they were successful, due to the time that would have been spent in further litigation and any appeal.

Given the issues and risks involved, the Parties submit that the settlement agreement is fair and reasonable. The Parties request that the Court approve the Settlement Agreement reached between the parties at arms-length involving experienced and capable counsel on all sides. The Parties' reliance on the Court's supervised mediation process should provide some assurance to this Court that this Settlement is fair and is not the product of unfair collusion. See Temporary Services, Inc. v. AIG, Inc., 2012 WL 2370523, *12 (D.S.C. June 22, 2012) ("[S]upervision by a mediator lends an air of fairness to agreements that are ultimately reached.") (citing cases).

The Defendants note that the Agreement contains a limited confidentiality clause regarding disclosure by the Parties beyond what is necessary to obtain Court approval. The Defendants note that the Agreement and settlement are matters of public record, and further note that this Court has previously approved settlement agreements containing confidentiality clauses. See, e.g., Salamone v. Balt. Diamond Exch., Inc., No. JKB-14-1507 (D. Md. June 27, 2014); Quevdeo v. HBJ, Inc., No. PWG-14-734 (D. Md. Aug. 13, 2014) (holding decision in abeyance pending information relating to reasonableness of fees, but finding that inclusion of a confidentiality clause did not render agreement unreasonable because settlement was filed as a matter of public record).

For all the foregoing reasons, the Parties respectfully request that the Court grant this Motion, approve this proposed FLSA settlement, and issue an Order in the form of the Proposed Order Approving Settlement, submitted contemporaneously herewith.

Respectfully submitted,

/s Howard B. Hoffman___
Howard B. Hoffman, Esq.
Atty at Law (Bar No. 25965)
600 Jefferson Plaza, Ste. 304
Rockville, Maryland 20852
hhoffman@hoholaw.com
Telephone: (301) 251-3752

*Counsel for Plaintiff*

/s/_(signed with permission) ___
Kirsten M. Eriksson, Esq. (Bar No. 26884)
MILES & STOCKBRIDGE, P.C.
100 Light Street
Baltimore, Maryland 21202
keriksso@milesstockbridge.com
Telephone: (410) 727-6464

/s/_(signed with permission) ___
Courtney B. Schaefer, Esq. (Bar No. 19345)
MILES & STOCKBRIDGE, P.C.
11 N. Washington Street, Ste. 700
Rockville, Maryland 20850
cschaefer@milesstockbridge.com
Telephone: 301-762-1600

*Counsel for Defendants*

4846-9230-8275, v. 3