

IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Austin Stephens, et al. | * | |
| Plaintiffs | * | |
| v. | * | Case No. TDC 15-3057 |
| Mac Business Solutions, Inc., et al. | * | |
| Defendants | * | |

## AFFIDAVIT OF HOWARD B. HOFFMAN

1. I, Howard B. Hoffman, Esq., am at least 18 years of age and competent to testify, and I am not a party to, or related to a party, in this action. I serve as counsel to the Plaintiffs in the above-referenced matter.

2. Through June 29, 2016, I have incurred a minimum of 71.9 hours in this case at $325/hour, for a total value of $23,270.00 The itemized listed costs in this case are over $2,373.30, consisting primarily of expert witness fees associated with the preparation of overtime calculation and the drafting of an expert report, but also including the filing fee, postage, mileage, FedEx, and tolls. Not included in the itemized costs are the costs involved in extensive computerized legal research (I utilize WESTLAW).

3. The total owed to this Firm for this representation is thus $25,643.30.

4. However, by accepting $20,000.00 for full payment for attorneys' fees and costs, I am therefore "writing off" part of my time and expenses, in the interest of settling this case. This was done in the best interests of my clients, who sought a resolution of this matter without further litigation.

Page 1

5. I have maintained time and costs records in this case, which I have placed into "RocketMatter"© software. The time records set forth as Exhibit 2-A are true and correct records of time entries inputted on a daily basis, and are contemporaneous business records held in the ordinary course by my private law practice. The time records reflect actual time expended in the prosecution of this litigation (the "RocketMatter" entries have not been placed into the Court's required lodestar billing format). The time incurred is a reasonable amount, necessarily incurred in order to complete basic objectives in the prosecution of this matter. The time reflects the number of issues that the Defendants have or could raise as a defense in this case. To the fullest extent practical, I have specified the time spent per task, and I have avoided the practice of block billing. I generally seek compensation in the amount of $325.00/hour, which is well within the range permitted by the U.S. District Court for the District of Maryland (Lodestar Guidelines). However, the effective rate of my time in this matter, after discounting, is much lower.

6. In the course of representing businesses and some individuals, I include and bill to my clients any disbursements representing the same costs incurred in this case. The above-referenced charges would all be charged to my clients if I was performing work in this case on an hourly basis.

7. I am an honors graduate of University of Maryland School of Law (May, 1999), where I was the recipient of the "Shawe & Rosenthal" employment law prize, and the "Joseph Bernstein Prize" (for excellence in legal writing). I have been a member of the Maryland bar since December 1999 and this Court since January 2000. I have been a Contributing Revisions Editor, Fair Labor Standards Act (BNA/ABA) since 2002. I was asked to

speak at a seminar in December 2012, for Maryland Employment Lawyers Association titled "Bringing Your First FLSA Collective Action: The Guts and Glory Of Overtime Wage Cases." I was selected to speak at a Lorman seminar in June 2013 to discuss principles of law under the FLSA. My website provides greater information concerning my background and credentials. www.hoholaw.com

8. While I would like to remain modest about my accomplishments in my seventeen (17) years of practice, suffice to say that I have successfully fought and secured legal rights for my clients (either employees or employers) in numerous cases, under difficult circumstances presenting novel fact patterns.

9. A list of my cases, many involving FLSA claims, involving favorable decisions on behalf of my clients is set forth below:

   a. Andrew v. Clark, 561 F.3d 261 (4th Cir. 2009) (representation of law enforcement officer in claim of first amendment retaliation and due process)

   b. Rose v. New Day Financial, et al., - F.Supp.2d - , 2011 WL 4103276 (D. Md. Oct. 5, 2011) (Quarles, J.) (represented employer; motion to compel class-waiver arbitration granted)

   c. Chapman et al. v. Ourisman Chevrolet Co., Inc., 2011 WL 2651867 (D. Md. 2011) (Williams, J.) (representation of employee class in minimum wage dispute; summary judgment for employer denied)

   d. Durham v. Jones, 2011 WL 1557841 (D. Md. Apr. 21, 2011) (Nickerson, J.) (representation of law enforcement officer in claim of first amendment retaliation and due process)

   e. Williams et al. v. ezStorage Corp., 2011 WL 1539941 (D. Md. Apr. 21, 2011)

(Bennett, J.) (conditional certification of FLSA collective action on behalf of employees)

f. Gionfriddo et al. v. Jason Zink, LLC, et al., 769 F.Supp.2d 880 (D. Md. 2011) (Bennett, J.) (represented employer in FLSA case; motion for decertification partially granted).

g. Miller v. Hamm, CCB 10-243, 2011 WL 9185 (D. Md. Jan. 3, 2011) (Blake, J.) (representation of law enforcement officer in claim of first amendment retaliation and due process)

h. Dorsey et al. v. The Greene Turtle Franchising Corp., 2010 WL 3655544 (D. Md. 2010) (Blake, J.) (represented employees; grant of conditional certification of FLSA collective action)

i. Williams et al. v. Long (d/b/a "Charm City Cupcakes"), 585 F.Supp.2d 679 (D. Md. 2008) (Grimm, J.) (represented employees; grant of conditional certification of FLSA collective action (widely cited in District))

j. Williams et al. v. Long, 558 F.Supp.2d 601 (D. Md. 2008) (Motz, J.) (represented employees; dismissing counterclaim brought by employer in FLSA case, widely cited throughout the U.S.)

k. Wyckoff v. Maryland State Police, et al., 522 F.Supp.2d 730 (D. Md. 2007) (Quarles, J.) (representation of law enforcement officer in claim of gender discrimination and first amendment retaliation)

m. Sabol v. Brooks, 469 F.Supp.2d 324 (D. Md. 2006) (Grimm, J.) (post-judgment collection as to potential successor in FLSA case)

n. Spencer v. Central Services, LLC, et al., Case No. CCB-10-3469, 2012 WL

142978 (D. Md. Jan. 13, 2012) (grant of attorneys' fees and costs in FLSA case)

o. Dorsey et al. v. TGT Consulting, LLC, - F.Supp.2d -, 2012 WL 3629209 (D. Md. Aug. 20, 2012) (Blake, J.) (holding employee's earning statements were insufficient to inform employees of FLSA's tip credit requirements)

o. Durham v. Jones, 2012 WL 3985224 (D. Md. Sept. 10, 2012) (in a case where judgment was obtained in the amount of $1,112,200.00, Hoffman successfully defended against motions for new Trial and JNOV, and obtained award of attorneys' fees and costs, with Judge Nickerson remarking that Hoffman's timesheets "thoroughly account[ed]" for claimed hours)

p. Saman v. LDBP, Inc., 2012 WL 5463031 (D. Md. Nov. 7, 2012) (Chasanow, J.) (dismissal of supplemental state claim of wrongful discharge in FLSA case).

10. I concentrate on employment law and employment immigration law matters. My solo law practice is a "mixed blend," meaning that part of my practice involves hourly work for businesses (of all sizes) and individuals, "flat fee" employment immigration work, and statutory fee shifting cases (contingency cases) like the instant case. I represent and defend employers in collective actions under the FLSA, just as I prosecute FLSA violations. While my hourly rate may vary depending on the nature of the case and the resources available to an individual, I seek to recover $325/hr. in private settlements. When I perform flat-fee immigration work, my hourly rate is likely in excess of $325/hr. (although I have never analyzed this precisely).

11. Having been admitted to the Maryland Bar in December of 1999 and the U.S. District Court for the District of Maryland in January of 2000, I am currently in my sixteenth year of practice. Before I began my sixteenth year of practice (and the Lodestar rate increase

effective July 1, 2014), I received awards of $300.00 an hour in the following cases: <u>Chapman et al. v. Ourisman Chevrolet Co., Inc.</u>, 2011 WL 2651867 (D. Md. 2011) (Williams, J.) (granting $300.00/hour to Hoffman based on review of credentials and declarations of attorneys in the community); <u>Spencer v. Central Services, LLC, et al.</u>, Case No. CCB-10-3469, 2012 WL 142978 (D. Md. Jan. 13, 2012) (Blake, J.) (granting Hoffman $300.00/hour in attorneys' fees, referring to Hoffman's work as "laudable", and granting all time requested by Hoffman in an FLSA case); <u>Durham v. Jones</u>, WMN 10-2534, 2012 WL 3985224 (D. Md. Sept. 10, 2012) (Nickerson, J.) (granting Hoffman $300.00/hour, and remarking that Hoffman's timesheets "thoroughly account[ed]" for claimed hours). I recently was awarded $325.00/hour in <u>Shelby et al. v. Sip & Bite Restaurant, Inc.</u>, MJG 13-1531 (August 18, 2015) (Doc. 88, pg. 3) and in <u>Hassan v. Balcazar, et al.</u>, PWG 15-1411 (May 3, 2016 (Doc. 51, pg. 2).

12. The fees that I receive from paying clients, or in statutory fee cases such as this, are not pure profit. I still the following business expenses, all of which are considerable: (a) advertising/marketing; (b) Class A office lease; (c) office parking; (d) WESTLAW; (e) continuing legal education; (f) books and subscriptions; (g) postal meter; (h) telephone expenses; (i) office supplies, including stationary and toner; (j) computer, software, and other high technology equipment (copier); (k) computer consultants; (l) websites and email; (m) gas and other business related transportation expenses; (n) legal malpractice insurance; (o) voluntary bar association fees; (p) mandatory bar license fees (paid to remain active member of Maryland, DC, Virginia, and Federal bars); (q) professional fees; (r) self-employment taxes; (s) paper shredding; (t) self-storage fees; (u) employees and contract labor; and (v) personal property taxes on business equipment. I also expect

that my professional fees will cover such required items as healthcare expenses, retirement contributions, education expenses for my children, and living expenses such as food, clothing, transportation and housing.

13. I am not charging, and have not previously charged, the Plaintiffs in this case for any of the costs or fees that have been incurred in this case. No contingency fee is being charged to the Plaintiffs.

14. Regarding the Plaintiffs' overtime and the calculations concerning same: the overtime worked in this case involved "off-the-clock" hours, which was not excessive but was uniquely forensically challenging. The amounts owed, in relative terms, were not substantial by either side's estimates. However, the overtime itself was heavily disputed. Additionally, there was a dispute over how to calculate the unpaid overtime given the salary-like payments to Plaintiffs Stephens and Straub.

15. In the interest of professional responsibility, I must bring to the Court the following authority which I believe has become controlling authority in this jurisdiction, to wit, <u>Carpenter v. Colonial Mgmt. Grp., LP</u>, 2012 WL 299240 (D. Md. 2012), concerning confidentiality. <u>Carpenter</u> was modified by <u>Salamone v. Baltimore Diamond Exch., Inc.</u>, 2014 WL 2930788 (D. Md. June 27, 2014) (observing that confidentiality provisions have no "practical effect" so long as agreement is not filed under seal). My clients wish to maintain some financial privacy concerning the terms of their respective settlements, and do not desire to communicate the terms of this settlement to third-persons. Therefore, for these reasons, the Plaintiffs do not wish for the Court to deny settlement as to this issue.

16. In my opinion, the monetary terms of this settlement are fair and adequate and are generally within the range of the calculations made by Plaintiffs' expert, including amounts for unpaid overtime and liquidated damages. Furthermore, the terms of the settlement agreement have been explained to my clients and they are otherwise in agreement with those terms. In my experience handling scores of FLSA cases, recovering the full measure of liquidated and/or statutory damages through a negotiated settlement is not a frequent occurrence. There is nothing inherently wrong with a Plaintiff compromising part or all of his/her claim. Detailed calculations were exchanged between the parties in this case, and therefore I can say that I believe that the Plaintiffs' FLSA settlement represents a fair and reasonable settlement of their respective claims.

**AFFIANT FURTHER SAYETH NAUGHT**

I solemnly affirm under the penalties of perjury that the contents of the foregoing affidavit are true and correct.

_/s/ Howard B. Hoffman_
Howard B. Hoffman, Esq.

June 29, 2016