IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| AUSTIN STEPHENS, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No.: CBD-15-3057 |
| | * | |
| MAC BUSINESS SOLUTIONS, INC., et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |
| | ***** | |

# MEMORANDUM OPINION

Before this Court is the parties' Joint Motion for Approval of FLSA Settlement (the "Motion") (ECF No. 27). The Court has reviewed the Motion, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court does not approve the Confidential Settlement Agreement and Release of All Claims ("Settlement Agreement") the parties executed as to all claims, including Plaintiffs' claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201.

**I.    Factual Background**

Plaintiffs Austin Stephens, Paul Straub, and Devon Hughes ("Plaintiffs") worked for Mac Business Solutions, Surinder Tohan, and Sunita Tohan ("Defendants") as service technicians. Compl. 4. Plaintiff Stephens was employed by Defendants from approximately February 20, 2011 through August 31, 2015. Mot. 3. Plaintiff Hughes was employed by Defendants from approximately July 4, 2014 through August 31, 2015. *Id.* Plaintiff Straub was employed by Defendants from approximately January 24, 2011 through July 11, 2014. *Id.* Plaintiffs Stephens

and Straub were hired on a salary-basis, whereas Plaintiff Hughes was paid an hourly wage. *Id*. Plaintiffs allege that they worked, from time to time, hours in excess of forty (40) hours per week, yet they were not paid overtime wages. Compl. 4-5. Plaintiffs Stephens and Straub dispute whether they received a true salary. Mot. 3. Plaintiffs claim that they are owed no less than $25,000.00. Compl. 7.

On October 7, 2015, Plaintiffs filed a complaint against Defendants alleging that Defendants violated the Maryland Wage Payment and Collection Law ("MWPCL"), the FLSA, and the Maryland Wage & Hour Law ("MWHL"). Compl. 1-2. Defendants respond that they did not willfully deprive Plaintiffs of any wages. Def.'s Answer 5. In addition, Defendants respond that all or part of the time for which Plaintiffs are seeking compensation does not constitute compensable working time. *Id*. Furthermore, Defendants contend that if Plaintiffs were working off the clock, Defendants did not permit such work and could not have been aware of such work. *Id*. Defendants also advocate for the use of the "fluctuating workweek method"[1] to calculate the rate of pay for Plaintiffs Stephens and Straub. Mot. 3.

On June 14, 2016, the parties participated in a settlement conference before this Court and reached a resolution. Mot. 5. The Settlement Agreement was signed and executed between the dates of June 27, 2016 and June 29, 2016. ECF No. 27-2. On June 29, 2016, the parties filed the Motion seeking approval of the Settlement Agreement. ECF No. 27. Under the Settlement Agreement, Plaintiffs agree to settle all claims and fully and finally resolve all matters with regard to this action in exchange for a payment of $64,000.00, which is allocated as follows: (1) $19,000.00 to Plaintiff Austin Stephens; (2) $17,000.00 to Plaintiff Devon Hughes; (3) $8,000.00 to Plaintiff Paul Straub; and (4) $20,000.00 to Howard B. Hoffman, Plaintiffs' counsel, for

---

[1] The "fluctuating workweek method" applies to persons "employed on a salary basis [who] have hours of work which fluctuate from week to week." 29 C.F.R. § 778.114(a) (2016).

attorney's fees and expenses. ECF No. 27-2, 1. The Settlement Agreement also contains a confidentiality clause that prohibits the parties from disclosing the settlement terms beyond that required for court approval. ECF No. 27-2, 3.

**II.     Analysis**

Under the FLSA, Congress seeks to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees. *See Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). FLSA provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement. *Id.*; *Brooklyn*, 324 U.S. at 706. Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman*, 2013 WL 2949047, at *2 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). The Fourth Circuit has not directly addressed the factors to be considered when deciding motions for approval of FLSA settlements. *See id.* at *3 (citations omitted). However, district courts in this circuit typically follow the Eleventh Circuit's analysis in *Lynn's Food Stores*. *Id.* The settlement must "reflect[] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* (citations omitted). In this respect, the Court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorney's fees, if included in the agreement. *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *2 (D. Md. Oct. 5, 2015) (citations omitted).

**A.  *Bona Fide* Dispute**

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement.  *See Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *16-17 (E.D. Va. Sept. 28, 2009).  Furthermore, a *bona fide* dispute exists when an employee makes a claim that he or she is entitled to overtime payment.  *Id*.

After a review of the pleadings and the terms of the Settlement Agreement, the Court finds that a *bona fide* dispute exists in this case.  Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(2)(C).  If an employer violates Section 207, he is liable for unpaid overtime and an equal amount of liquidated damages.  29 U.S.C. § 216.  In this case, Plaintiffs allege that Defendants failed to pay them overtime wages as required under the FLSA.  Mot. 5.  In response, Defendants argue that they did not permit Plaintiffs to work off the clock and if Plaintiffs did work off the clock, Defendants were unaware.  Def.'s Answer 5.  Therefore, in Defendants' view, Plaintiffs are not owed overtime wages under the FLSA, MWHL, and MWPCL.  *Id*. at 3-5.

There is also a dispute as to the method used to calculate the rate of overtime pay in this case.  Mot. 4. Defendants argue that the "fluctuating workweek method" should be used to determine the overtime rate for Plaintiffs Stephens and Straub, while Plaintiffs oppose this method. Mot. 5. The "fluctuating workweek method" is a method of compensation that uses the hours worked each workweek, whatever their number, rather than the hours worked in a fixed workweek.  *See* 29 C.F.R. § 778.144(a) (2016).  Plaintiffs argue that this method does not apply

because Defendants made deductions from salary for time spent not working, among other reasons. Mot. 5. Defendants argue that the "fluctuating workweek method" was the proper way to calculate Plaintiffs' rate of pay. *Id.* Pursuant to the holding in *Lomascolo*, a *bona fide* dispute exists as to Defendants' liability under the FLSA as well as the correct method of calculating Plaintiffs' rate of pay. *See Lomascolo*, 2009 WL 3094955, at *16.

### B. Fairness and Reasonableness of the Settlement Agreement

If a *bona fide* dispute exists, courts evaluate the fairness and reasonableness of the settlement using the following factors:

> "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery."

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

As to the first factor, the parties engaged in written discovery, exchanged correspondence, and met in person to discuss their respective positions. Mot. 5. In addition, Plaintiffs employed the services of a forensic accountant to calculate potential unpaid overtime. *Id.* An expert report was prepared and served on Defendants. *Id.* Defendants also delivered written payroll records which Plaintiffs used to prepare spreadsheets. *Id.* The Court finds that sufficient information and documentation has been exchanged between the parties to familiarize themselves with the merits of their respective cases. Both parties agree that this case is "particularly fact intensive and legally challenging." Mot. 6. The Court finds that further litigation would likely consume substantial resources and time. There is no evidence that the Settlement Agreement is the product of fraud or collusion. "There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."

*Lomascolo*, 2009 WL 3094955, at *12.  The Settlement Agreement was "reached between the parties at arms-length" and was the result of a settlement conference.  Mot. 7.  At all times, the parties were represented by well-prepared counsel, who capably represented their clients' rights.  Regarding the fifth factor, counsel is of the opinion that "[g]iven the issues and risks involved, the Parties submit that the settlement agreement is fair and reasonable." *Id*.

As to the sixth factor, under which the Court must consider the relationship between the settlement amount and Plaintiffs' potential recovery, the Court finds that this factor weighs in favor of finding that the Settlement Agreement is not fair and reasonable.  Under the Settlement Agreement, $44,000.00 would be paid to Plaintiffs, and $20,000.00 to Plaintiffs' counsel representing attorney's fees and costs.  ECF No. 27-2, 1.  Plaintiffs demanded in their complaint no less than $25,000.00 in unpaid overtime wages.  Compl. 3.  It is unclear to the Court whether this demand of $25,000.00 represented the total damages for all three Plaintiffs added together or whether this was the demand for each individual Plaintiff.  It is also unclear whether this amount included the additional damages allowed under the statutes in this case.  The Court cannot complete its analysis of the sixth factor without knowing the potential recovery for Plaintiffs.  Therefore, the parties must submit an analysis of the potential recovery for each individual Plaintiff, and how this potential recovery compares to the actual settlement sum.  After reviewing the factors set forth in *Saman*, the Court concludes that the Settlement Agreement in this case is not a fair and reasonable compromise of the parties' bona fide dispute.

### C.  Attorney's Fees and Costs

"Where a proposed settlement of FLSA claims includes a provision regarding attorney's fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged

employee recovers under a settlement agreement.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011)). "In making that assessment, courts typically use the principles of the traditional lodestar method as a guide." *Lane*, 2011 WL 3880427, at *3 (citation omitted). The lodestar amount is the reasonable hourly rate multiplied by hours reasonably expended. *See Riveros*, 2015 WL 5897749, at *4. "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id*. (citation omitted). The federal court in Maryland uses Appendix B to the Local Rules as a reference to the rates "that are presumptively reasonable for lodestar calculations." *Id*. "Plaintiffs should also provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task." *Id*.

In assessing reasonableness, the Fourth Circuit has instructed district courts to also consider certain factors, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Saman*, 2013 WL 2949047, at *6-7 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978).

The Court finds that Plaintiffs' counsel has carried his burden of proving that the attorney's fees requested are reasonable. Under the Settlement Agreement, Plaintiffs' counsel

would receive $20,000.00 for attorney's fees and costs incurred. ECF No. 27-2, 1. As the itemized billing statement shows, Plaintiffs' counsel employed 71.9 hours in this case, and his hourly billing rate was $325.00. ECF No. 27-3, 27-4. Costs amounted to a total of $2,373.30. ECF No. 27-4, 7. Plaintiffs' counsel has been practicing law for approximately sixteen years. ECF No. 27-3, 2-3. Under a traditional lodestar calculation, Plaintiffs' counsel's hourly rate is well within the range specified by the local rules.[2] Furthermore, by accepting $20,000.00 as full payment for attorney's fees and costs, Plaintiffs' counsel is "writing off" part of his time and expenses. ECF No. 27-3, 1.

In addition to the reasonable lodestar evaluation, Plaintiffs' counsel has expended a significant amount of time and labor in this case. He has also demonstrated "the skill required to properly perform the legal services rendered" by providing the Court with an extensive list of favorable decisions on behalf of his clients in employment law cases. *See* ECF No. 27-3, 3-5. The experience, reputation, and ability of Plaintiffs' counsel also weighs in favor of finding the attorney's fees as reasonable. In light of the lodestar evaluation, the experience, reputation, and skill of Plaintiffs' counsel, as well as the fact that Plaintiffs' counsel is "writing off" a portion of his fees, the Court finds that the $20,000.00 amount for attorney's fees and costs is reasonable.

**D. Confidentiality Clause**

The parties note that the Settlement Agreement includes a confidentiality clause regarding disclosure of the terms outlined in the agreement. Mot. 7. The Court has found that "[a] confidentiality clause in an FLSA settlement agreement is 'not permitted without compelling reasons' to justify the confidentiality." *Amaya v. Young & Change, Inc.*, No. PWG-14-749, 2014 WL 3671569 at *4 n.3 (D. Md. July 22, 2014) (quoting *Salamone v. Balt. Diamond Exch., Inc.*,

---

[2] Local Rules Appendix B (D. Md) specifies that an attorney admitted to the bar between fifteen and nineteen years may reasonably charge between $275-425 per hour. Plaintiffs' counsel charges $325 per hour and has been barred for approximately sixteen years.

No. JKB-14-1507, 2014 WL 2930788, at *1 (D. Md. June 27, 2014)). Furthermore, in *Carpenter v. Colonial Mgmt. Grp., LP*, No. JKB-12-686, 2012 WL 2992490, at *2 (D. Md. July 19, 2012) the Court denied an FLSA settlement agreement because it contained a confidentiality provision "without any argument to support its inclusion." Confidentiality clauses "both contravene[] the legislative purpose of the FLSA and undermine[] the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Poulin v. General Dynamics Shared Resources, Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *2 (W.D. Va. May 5, 2010) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp 2d. 1227, 1242 (M.D. Fla. 2010)). The parties in this case have not provided compelling reasons to include this confidentiality clause within the Settlement Agreement. Therefore, the Court cannot approve this Settlement Agreement as reasonable.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the Motion without prejudice. Counsel is permitted to submit supplemental documentation within (14) days of this Order. Specifically, counsel is permitted to submit an analysis of the potential recovery for each individual Plaintiff, and articulate how this potential recovery compares to the actual settlement sum as well as compelling reasons to include the confidentiality clause within the Settlement Agreement.

July 8, 2016                                        /s/
                                                    Charles B. Day
                                                    United States Magistrate Judge

CBD/yv/jg