IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **AUSTIN STEPHENS, et al.,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | Civil Action No.: CBD-15-3057 |
| | * | |
| **MAC BUSINESS SOLUTIONS, INC.,** | * | |
| **et al.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |
| | * | |
| | ***** | |

## MEMORANDUM OPINION

Before this Court is Plaintiffs' Supplement to Joint Motion to Approve FLSA Settlement

(the "Supplemental Memorandum") (ECF No. 30). The Court has reviewed the Supplemental

Memorandum and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D.

Md.). For the reasons presented below, the Court approves the Confidential Settlement

Agreement and Release of All Claims (the "Settlement Agreement") the parties executed as to all

claims, including Plaintiffs' claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

201.

### I.     Factual Background[1]

On June 14, 2016, the parties participated in a settlement conference before this Court

and reached a resolution. ECF No. 27, 5. The Settlement Agreement was signed and executed

between the dates of June 27, 2016 and June 29, 2016. ECF No. 27-2. On June 29, 2016, the

parties filed a Joint Motion for Approval of FLSA Settlement. ECF No. 27. Under the

---

[1] A complete factual background can be found in the Court's Memorandum Opinion issued on July 8, 2016 (ECF No. 28).

Settlement Agreement, Plaintiffs agree to settle all claims and fully and finally resolve all

matters with regard to this action in exchange for a payment of $64,000.00, which is allocated as

follows: (1) $19,000.00 to Plaintiff Austin Stephens; (2) $17,000.00 to Plaintiff Devon Hughes;

(3) $8,000.00 to Plaintiff Paul Straub; and (4) $20,000.00 to Howard B. Hoffman, Plaintiffs'

counsel, for attorney's fees and expenses.  ECF No. 27-2, ¶ 2.  The Settlement Agreement also

contains a confidentiality clause that prohibits the parties from disclosing the settlement terms

beyond that required for court approval.  ECF No. 27-2, ¶ 6.  On July 8, 2016, the Court issued a

Memorandum Opinion and Order denying the Joint Motion without prejudice.  ECF Nos. 28 and

29.  The Court allowed the parties to submit supplemental documentation, within fourteen (14)

days of the entry of the order, analyzing the potential recovery for each individual Plaintiff and

articulating how this potential recovery compares to the actual settlement sum.  ECF No. 28, 9.

The Court also allowed counsel to articulate compelling reasons to justify the confidentiality

clause in the Settlement Agreement.  *Id.*  On July 9, 2016, Plaintiffs submitted the Supplemental

Memorandum addressing the issues identified by the Court.  In this Memorandum Opinion, the

Court will only address these two issues.

## II.    Analysis

As discussed in the Memorandum Opinion issued on July 8, 2016, when deciding

motions for approval of FLSA settlements, district courts in this circuit typically follow the

Eleventh Circuit's analysis in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354

(11th Cir. 1982).  *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *3 (D. Md.

June 13, 2013).  The settlement must "reflect[] a fair and reasonable resolution of a *bona fide*

dispute over FLSA provisions."  *Id.* (citations omitted).  In this respect, the Court considers (1)

whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the

settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorney's fees, if included in the agreement. *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *2 (D. Md. Oct. 5, 2015) (citations omitted).

**A. *Bona Fide* Dispute**

In the Memorandum Opinion issued on July 8, 2016, the Court found that a *bona fide* dispute exists in this case. ECF No. 28, 4-5.

**B. Fairness and Reasonableness of the Settlement Agreement**

If a *bona fide* dispute exists, courts evaluate the fairness and reasonableness of the settlement using the following factors:

> "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery."

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

In the Memorandum Opinion issued on July 8, 2016, the Court concluded that the Settlement Agreement was not fair and reasonable because the parties had not provided sufficient information to analyze the sixth factor: the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. ECF No. 28, 6. Plaintiffs addressed this factor in the Supplemental Memorandum and the Court finds that as to the probability of Plaintiffs' success on the merits, and the amount of the settlement in relation to the potential recovery, the amount that each Plaintiff received is fair and reasonable under the circumstances.

The Court is satisfied that $19,000.00 in settlement to Plaintiff Stephens, $17,000.00 in settlement to Plaintiff Hughes, and $8,000.00 in settlement to Plaintiff Straub is fair and

reasonable.  Using Plaintiffs' calculations,[2] under the hourly rate method, the total alleged unpaid

overtime wages for Plaintiff Stephens is $26,046.90.  ECF No. 30-1, 2.  Using the fluctuating

workweek method,[3] the total alleged unpaid overtime wages for Plaintiff Stephens is $7,307.04.

ECF No. 30-3.  The $19,000.00 settlement payment to Plaintiff Stephens represents between

73% and 260% of the amount of overtime wages allegedly owed (exclusive of any potential

liquidated and treble damages).  Under the hourly rate method, the total alleged unpaid overtime

wages for Plaintiff Hughes is $7,480.38.  ECF No. 30-5.  The $17,000 settlement payment to

Plaintiff Hughes is more than the amount of overtime wages allegedly owed (exclusive of any

potential liquidated and treble damages).  Under the hourly rate method, the total unpaid

overtime wages for Plaintiff Straub is $5,815.49.  ECF No. 30-4.  Under the fluctuating

workweek method, the total alleged unpaid overtime wages for Plaintiff Straub is, according to

Plaintiffs' counsel, a quarter or third of the treble damages amount ($17,446.46).  *See* ECF Nos.

30, 2, and 30-4.  In other words, this amount would be between $4,361.62 and $5,815.49.  The

$8,000 settlement payment to Plaintiff Straub is more than the amount of overtime wages

allegedly owed under either method (exclusive of any potential liquidated and treble damages).

The Court finds that these proposed settlement amounts are reasonable.

### C.  Confidentiality Clause

The Settlement Agreement includes a confidentiality clause regarding the disclosure of

the terms outlined in the agreement.  ECF No. 27-2, ¶ 6.  In the Memorandum Opinion the Court

issued on July 8, 2016, it determined that the parties had not provided compelling reasons to

---

[2] Defendants did not submit calculations.  The Court relies on the original and revised calculations submitted by Plaintiffs' expert, Elana Schulman, CPA, CFE.  *See* ECF Nos. 30-1, 30-2, 30-3, 30-4, and 30-5.

[3] Defendants' position is that the fluctuating workweek method should be used to calculate unpaid overtime wages for Plaintiffs Stephens and Straub.  Plaintiffs disagreed with this position.  *See* ECF No. 27, 3.

include a confidentiality clause, and factored this issue in its conclusion that the Settlement Agreement was not reasonable. *See* ECF No. 28, 9.

The Court has found that "[a] confidentiality clause in an FLSA settlement agreement is 'not permitted without compelling reasons' to justify the confidentiality." *Amaya v. Young & Change, Inc.*, No. PWG-14-749, 2014 WL 3671569 at *4 n.3 (D. Md. July 22, 2014) (quoting *Salamone v. Balt. Diamond Exch., Inc.*, No. JKB-14-1507, 2014 WL 2930788, at *1 (D. Md. June 27, 2014)). Furthermore, in *Carpenter v. Colonial Mgmt. Grp., LP*, No. JKB-12-686, 2012 WL 2992490, at *2 (D. Md. July 19, 2012) the Court denied an FLSA settlement agreement because it contained a confidentiality provision "without any argument to support its inclusion." Confidentiality clauses "both contravene[] the legislative purpose of the FLSA and undermine[] the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Poulin v. General Dynamics Shared Resources, Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *2 (W.D. Va. May 5, 2010) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp 2d. 1227, 1242 (M.D. Fla. 2010)). In the Supplemental Memorandum, Plaintiffs' admit that they "will not be able to submit to the Court any legally compelling reason to justify" the inclusion of the confidentiality clause. Supplemental Memorandum, 4. The Court finds that the confidentiality clause, without compelling reasons to support it, is unenforceable. Nonetheless, the Court agrees with Plaintiffs' submission that under the severability clause in the Settlement Agreement, ¶ 13, even if the confidentiality clause is unenforceable, the Court can still find the rest of the Settlement Agreement reasonable. As a result, the Court approves the Settlement Agreement and requires the parties to submit either a new agreement without the confidentiality clause, or a redacted and properly initialed version of the original agreement which strikes the confidentiality clause.

**III.     Conclusion**

For the foregoing reasons, the Court **VACATES** the denial without prejudice and

**GRANTS** the Joint Motion for Approval of FLSA Settlement (ECF No. 27).  The parties must

submit either a new agreement without the confidentiality clause, or a redacted and properly

initialed version of the original agreement which strikes the confidentiality clause.


July 25, 2016                                                    _____/s/_____
                                                                Charles B. Day
                                                                United States Magistrate Judge


CBD/yv

6