# SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement (the "Agreement") is made by, between and among Plaintiffs Austin Stephens, Devon Hughes and Paul Straub (individually, a "Plaintiff" and collectively, "Plaintiffs") and Defendants Mac Business Solutions, Inc., Surinder K. Tohan, and Sunita Tohan (collectively, "Defendants"), all collectively referred to as the "Parties."

**WHEREAS**, Plaintiffs allege that they worked overtime and were not compensated for such hours; and

**WHEREAS**, on or about October 7, 2015, Plaintiffs filed an action in the United States District Court for the District of Maryland, Case No. TDC 15-cv-3057, ("the Lawsuit"); and

**WHEREAS**, Defendants have denied the allegations and state that Plaintiffs have been paid properly for all hours worked; and

**WHEREAS**, the Parties desire to enter into this Agreement to resolve all issues related to the Lawsuit and to fully and finally resolve all matters between and among them;

**NOW, THEREFORE** in consideration of the mutual agreements contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties do hereby agree as follows:

1. **Recitals.** The foregoing Recitals are incorporated by reference and made a substantive part of this Agreement as if fully set forth herein.

2. **Consideration.** In return for the promises in this Agreement, Defendants agree to pay Plaintiffs a total of $64,000.00, to be distributed as follows:

   - Austin Stephens will receive the gross amount of $19,000.00. One half of this amount will be subject to taxes and other required deductions and reported on a form W-2, and one-half will be reported on a form 1099.
   - Devon Hughes will receive the gross amount of $17,000.00. One half of this amount will be subject to taxes and other required deductions and reported on a form W-2, and one-half will be reported on a form 1099.
   - Paul Straub will receive the gross amount of $8,000.00. One half of this amount will be subject to taxes and other required deductions and reported on a form W-2, and one-half will be reported on a form 1099.
   - Howard B. Hoffman, Attorney-at-Law, will receive a check in the amount of $20,000.00 for fees and expenses. Counsel will receive a 1099 for the full amount of this payment. Plaintiffs will each receive a 1099 for their proportional share of this payment as follows—Plaintiff Stephens: $8,600.00; Plaintiff Hughes: $7,800.00; Plaintiff Straub: $3,600.00.

The payments described above will be made upon the expiration of ten (10) business days following the later of approval by the Court or expiration of the seven-day revocation period for all Plaintiffs without revocation having occurred, and so long as a completed W-9 for Howard B. Hoffman, Attorney-at-Law, has been received by counsel for Defendants. Upon receipt and full

clearance of payment from Defendants, Plaintiffs shall promptly notify the Court and seek the dismissal of their claims with prejudice.

3. *No Consideration Absent Execution of this Agreement.* Plaintiffs understand that Defendants will not be obligated to make any Settlement Payment provided for in this Agreement unless and until all Plaintiffs sign this Agreement, do not revoke, and agree to fulfill the promises contained herein.

4. *No Other Entitlement.* Plaintiffs acknowledge that they are not entitled to any compensation, benefits, or other payments except as set forth in this Agreement. Plaintiffs agree that with the payment hereunder, they have now been properly compensated for all hours worked and are not due any additional compensation.

5. *General Release of Claims and Promise Not to Sue.* Plaintiffs, on their own behalf and on of their respective spouses, successors, and assigns, hereby irrevocably waive, release, and forever discharge the Defendants and their successors, parents, and affiliates, and past and present directors, officers, stockholders, stakeholders, employees, agents, attorneys, insurers, representatives, and all of the foregoing in their individual and official capacities (hereinafter "the Releasees") from all claims and demands, actions and causes of action, suits, liabilities, objections, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, grievances, covenants, contracts, controversies, agreements, promises, demands, judgments, all injuries, physical or mental, and all damages resulting therefrom including, but not limited to, attorneys' fees and compensatory damages, litigation costs or expenses, punitive damages and damages for emotional distress. This release includes, but is not limited to, all claims under any federal, state, local, or city statute, law or ordinance including, but not limited to, the Fair Labor Standards Act, The Civil Rights Act of 1866, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., the Family and Medical Leave Act, the Americans with Disabilities Act, the National Labor Relations Act, the Labor Management Relations Act, 29 U.S.C. § 141, et seq., the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401 et seq., the Older Workers Benefit Protection Act, the Equal Pay Act of 1963, as amended, the Occupational Safety and Health Act, as amended, and all claims arising under the laws of the State of Maryland and all common law claims in law or equity of any nature that they ever had or have, shall or may have against any of the Releasees that relate to any act, event, or omission, known or unknown, intentional, unintentional, or negligent, suspected or unsuspected, from the beginning of time up to the date of this Release including, but not limited to, all claims known or unknown, asserted or unasserted which relate to any aspect of Plaintiffs' employment by Defendants or by any of the Releasees. Plaintiffs shall not file or institute any lawsuit, claim, or other challenge with any court based upon any claim that is released herein. This release excludes any right Plaintiffs may have to any benefit under the terms of Mac Business Solutions, Inc.'s retirement benefit plans or any other claim that they cannot waive as a matter of law.

6. *Governing Law and Interpretation.* This Agreement shall be governed in accordance with the laws of the State of Maryland.

7. *No Admission of Wrongdoing.* Plaintiffs agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of any liability or unlawful conduct of any kind.

8. ***Voluntary Agreement.*** By voluntarily executing this Agreement, Plaintiffs confirm that they are relying upon their own judgment and the advice of their attorney and not on any recommendations or representations of Defendants or any of their agents or representatives. By voluntarily executing this Agreement, Plaintiffs confirm they are competent to understand and do hereby accept all terms and conditions of this Agreement as resolving fully all differences, disputes, claims, and potential claims between Plaintiffs and Defendants.

9. ***Review and Revocation of Release.*** Plaintiffs hereby confirm that they were offered an opportunity to consider this Agreement for twenty-one (21) days and that they were advised that they should, and that they have had an opportunity to, consult with counsel of their choice in connection with this Agreement, and that they have been advised by the Defendants that they may revoke this Agreement within seven (7) days after signing by sending via overnight courier a written revocation to Kirsten M. Eriksson, Esq., Miles & Stockbridge P.C., 100 Light Street, Baltimore, MD 21202.

10. ***Amendment.*** This Agreement may not be modified, altered, or changed except upon express written consent of all Parties wherein specific reference is made to this Agreement.

11. ***Entire Agreement; Binding Effect.*** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties.

12. ***Severability.*** Each provision of this Agreement shall be considered severable. If any provision contained herein is held to be void, illegal, or unenforceable, such illegality or unenforceability shall not affect any of the other provisions herein, and the remaining provisions of this Agreement will continue to be given full force and effect, unless the absence of that provision materially alters the rights and obligations of the Parties.

13. ***Remedies for Breach.*** In the event that any Plaintiff brings an action against the Defendants based on any claim released by this Agreement, Defendants may plead this Agreement in bar to any such action and may introduce any relevant portions of this Agreement as evidence of payment or for other purposes. Parties further acknowledge that the remedies at law for a breach or threatened breach of any of the provisions of this Agreement would be inadequate; in recognition of this fact, the Parties agree that in the event of a breach or threatened breach of this Agreement, in addition to any remedies at law, a Party, without posting any bond, shall be entitled to obtain equitable relief in the form of specific performance, a temporary restraining order, a temporary or permanent injunction, or any other equitable remedy which may then be available.

14. ***Section Headings.*** Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

15. ***Counterparts.*** The Parties agree that this document can be signed in counterparts and that a facsimile or portable document file (.pdf) of a version of this Agreement shall be given the same force and effect as an original signature.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily execute this Settlement Agreement and Release of All Claims as of the dates set forth below.

**THIS IS A GENERAL RELEASE AND WAIVER OF CLAIMS. YOU ARE ADVISED**

## TO READ AND CONSULT WITH LEGAL COUNSEL PRIOR TO SIGNING.

**Defendant Mac Business Solutions, Inc.**

By: _Surinder Tohan_
Name: _S Tohan_
Title: _CEO_

Date: _07/26/16_

**Defendant Sunita Tohan**

_Sunita_

Date: _07/26/16_

**Plaintiff Austin Stephens**

Date:_____

**Plaintiff Paul Straub**

Date:_____

**Defendant Surinder K. Tohan**

_Tohan_

Date: _7/26/2016_

**Plaintiff Devon Hughes**

Date:_____

## TO READ AND CONSULT WITH LEGAL COUNSEL PRIOR TO SIGNING.

**Defendant Mac Business Solutions, Inc.**        **Defendant Surinder K. Tohan**

By:_____                             _____
Name:
Title:                                             Date:_____

Date:_____

**Defendant Sunita Tohan**

_____

Date:_____

**Plaintiff Austin Stephens**                      **Plaintiff Devon Hughes**

*/s/ Austin Stephens*                              _____

Date: 7-25-16                                      Date:_____

**Plaintiff Paul Straub**

_____

Date:_____

4

## TO READ AND CONSULT WITH LEGAL COUNSEL PRIOR TO SIGNING.

Defendant Mac Business Solutions, Inc.    Defendant Surinder K. Tohan

By:_____    _____
Name:
Title:                                    Date:_____

Date:_____

Defendant Sunita Tohan

_____

Date:_____

Plaintiff Austin Stephens                 Plaintiff Devon Hughes

_____            _____

Date:_____              Date:_____

Plaintiff Paul Straub

*[signature]*

Date: 7/26/2016

TO READ AND CONSULT WITH LEGAL COUNSEL PRIOR TO SIGNING.

**Defendant Mac Business Solutions, Inc.**

By:_____
Name:
Title:

Date:_____

**Defendant Sunita Tohan**

_____

Date:_____

**Plaintiff Austin Stephens**

_____

Date:_____

**Plaintiff Paul Straub**

_____

Date:_____

**Defendant Surinder K. Tohan**

_____

Date:_____

**Plaintiff Devon Hughes**

*/s/ Devon Hughes*

Date: 8/25/16

4